213 So.2d 754 (1968)
Lewis FOREMAN, Appellant,
v.
STATE of Florida, Appellee.
No. J-186.
District Court of Appeal of Florida. First District.
September 10, 1968.
Richard W. Ervin, III, Public Defender; John D. Buchanan, Jr., Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., David U. Tumin, Asst. Atty. Gen., for appellee.
SPECTOR, Judge.
Appellant was charged and found guilty of breaking and entering the dwelling house of one Edward Rudd with the intent to commit a misdemeanor, to wit: petit larceny.
At the trial of this cause, which was had before a jury in Gadsden County, Florida, the State introduced into evidence over defendant's objection a confession made by the appellant to Sheriff Otho Edwards.
The question raised in this appeal is whether the State properly established that the confession was voluntarily given. Appellant contends that the State failed to prove the question of voluntariness because the only evidence before the court on the point was the conflicting testimony of the Sheriff and the defendant. In those circumstances, appellant urges, the State has failed to carry the burden placed upon it by the United States Supreme Court in the Miranda case to demonstrate that the defendant knowingly waived his privilege against self-incrimination and the right to appointed counsel as pronounced by that court.
In the case at bar, Sheriff Edwards testified that he had given the prescribed *755 warnings to the defendant; that he had read the warnings to defendant from a card on which they were printed and which he carried on his person for the purpose of giving them to persons who were to be interrogated.
Before the confession was admitted into evidence, the trial judge heard testimony on the circumstances under which it was given and decided as a matter of law that it was admissible in evidence as having been voluntarily made. Thereafter the jury was permitted to hear the same evidence and later was instructed that it was to accord the confession such weight as it was entitled to in light of all of the evidence adduced, including the circumstance of the making of said confession. This procedure is in harmony with that approved by the United States Supreme Court in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, and has been the law in this State long before Jackson, supra. See Young v. State, 140 So.2d 97 (Fla. 1962), and the cases cited therein as well as this court's recent opinion in Young et al. v. State, 213 So.2d 462 opinion filed August 20, 1968.
Stripped to its very essence, appellant here contends that his word as to whether he was given the prescribed warnings should be given greater weight as a matter of law than that accorded the police officer who testifies that the warnings in question were given. We cannot agree to such notions. We know of no legal principle which requires us to rule that an accused's refutation of a police officer's testimony should be binding on the courts of this State. Obviously defendant has little to lose by asserting anything that may lead to his release without regard to its truth or falsity. Persons accused of crime have been known on occasion to exercise a careless disregard for accuracy in relating what happened. Police officers, however, are not so interested in the outcome of a criminal proceeding that it can be said, as appellant would have us rule, that as a matter of law their testimony is unworthy of belief. Spencer v. State, 133 So.2d 729 (Fla. 1961), cert. denied 82 S.Ct. 1155, 369 U.S. 880, 8 L.Ed.2d 283. We know of no cases holding that a trial court or jury must believe the defendant's version of what occurred or which rests such determination on the number of witnesses that either of the parties litigant produces in support of their case.
It is our view that the State has satisfied the burden of showing that the accused was advised of his rights when the officer or other person doing so gives sworn testimony to that effect and, after defendant has had an opportunity to cross examine, the trial judge rules that the confession in question was voluntarily given. In the case at bar the trial judge so held, and we have not been persuaded that he erred in doing so.
Affirmed.
RAWLS, Acting C.J., and JOHNSON, J., concur.