222 So.2d 246 (1969)
Otis Pierce REYNOLDS, Appellant,
v.
The STATE of Florida, Appellee.
No. 68-932.
District Court of Appeal of Florida. Third District.
May 6, 1969.
Robert L. Koeppel, Public Defender, and Maurice Jay Kutner, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Jesse J. McCrary, Jr., Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, C.J., and HENDRY and SWANN, JJ.
PER CURIAM.
This appeal is by the defendant below, who was charged by information with the crime of breaking and entering with intent to commit grand larceny, and grand larceny. Tried without a jury he was found and adjudged guilty of the lesser included offense of breaking and entering with intent to commit petit larceny (a felony under § 810.05 Fla. Stat., F.S.A.), and petit larceny. The sentence imposed was imprisonment for a period of eighteen months, with credit for the time served in jail prior to sentencing.
The question presented on appeal is whether error was committed in ruling that the defendant's confession was freely and voluntarily made and by admitting the confession in evidence. The trial court's ruling relating to the confession, on the issues as to the adequacy of the warnings given the defendant of his rights a la Miranda and of the voluntariness of his confession, which was made orally follow-lowing his arrest and later in writing, was supported by substantial competent evidence. Upon review of the testimony relating to those issues, in the light of the evidence as to the surrounding circumstances, we are impelled to conclude that the questioned ruling was in accordance with the manifest weight of the evidence. Resolution of such issues was for the trial court, whose province it was to judge the credibility of the witnesses and the weight of the evidence. Eizenman v. State, Fla. App. 1961, 132 So.2d 763; Moore v. State, Fla.App. 1967, 201 So.2d 475.
No reversible error having been made to appear, the judgment is affirmed.