LILES, Judge.
Appellant, Clarence Simmons, was charged in an indictment along with two codefendants with the crime of murder in the first degree. The jury returned a verdict of guilty as charged and recommended mercy. The trial judge sentenced appellant to a life term in prison. This appeal ensued.
Defendant was originally taken into custody on a charge of attempted robbery and attempted murder in another case. He was apprehended on April 1, 1968, for this crime and while incarcerated he was treated in the county jail clinic as result of his narcotic addiction. While incarcerated he had a conversation with Detective Arnie Myers regarding the crime in the instant case. During the conversation between Detective Myers and the defendant it developed that defendant knew of the murder of one Paul Perzia. The defendant represented to Detective Myers that he was not involved but wanted to know that if he, Simmons, knew that someone else committed the crime should he tell the authorities. During the conversation it developed that the defendant was incriminating himself at which point Detective Myers testified that he warned defendant pursuant to the warnings required in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694, 10 A.L.R.3d 974 (1966).
The Detective testified that at the beginning of the conversation defendant was not a suspect. After giving the defendant his constitutional warning, defendant chose to continue and advised Detective Myers that he knew where the victim’s pocketbook was and defendant admitted that he was present at the crime but did not participate. Detective Myers then sent for Lt. Cooper and together they went to search for and found the victim’s pocketbook. Upon their return to the jail, Detective Myers asked the defendant if he would give a statement. All of this transpired on April 17, 1969, seventeen days after defendant was apprehended. Defendant advised Detective Myers that he would be willing to give such a statement and the next day," on April 18, defendant gave what amounted to a confession to Detective Myers in the presence of Lt. Cooper and a court reporter.
During the course of the trial, defendant testified that he did not remember Detective Myers giving him his constitutional warning against self-incrimination nor did he re *86 member that Lt. Cooper had given him such a warning. Both Lt. Cooper and Detective Myers testified that they warned defendant of his rights and that he understood what they had said. During the trial the confessions and admissions were admitted into evidence by the trial judge.
On this appeal, defendant claims that he was not adequately warned of his constitutional rights, that if he was warned he did not intelligently waive his rights and that the State failed to establish and the trial court erred in finding that the confessions and admissions made by the defendant were voluntary.
First, we must discuss the conflicting testimony of Detective Myers and defendant. Myers testified that he gave the defendant the warning prescribed in Miranda, supra, and that he did so on both the 17th and 18th, that even though defendant was suffering withdrawal effects as result of the use of narcotics he had been treated in jail for a period of seventeen days and that he was able to understand the warning given him. We are therefore placed in the position as was the court in Foreman v. State, Fla.App.1968, 213 So.2d 754. The trial judge in hearing the motion to suppress permissibly believed the officers’ testimony. In support of the trial judge’s action, we quote the Foreman case cited supra:
“Stripped to its very essence, appellant here contends that his word as to whether he was given the prescribed warnings should be given greater weight as a matter of law than that accorded the police officer who testifies that the warnings in question were given. We cannot agree to such notions. We know of no legal principle which requires us to rule that an accused’s refutation of a police officer’s testimony should be binding on the courts of this State.” 213 So.2d at 755.
Whether the defendant sought out Detective Myers or whether Detective Myers sought out the defendant is also debatable and falls within the same category as the conflict involving the giving of the warning. Detective Myers testified that another inmate who was a cellmate of the defendant advised Detective Myers that defendant wished to see him and so again the trial judge could have and obviously did believe the officers rather than the defendant. That being the case Detective Myers was not obligated to give the defendant his Miranda warnings. The Supreme Court, in Miranda, said:
“Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. * * * There is no requirement that police stop a person who enters a police station and states that he wishes to confess to a crime, or a person who calls the police to offer a confession or any other statement he desires to make. Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today.” 384 U.S. at 478, 86 S. Ct. at 1630.
Therefore, it is clear that there was no requirement that Detective Myers give the defendant a warning during his conversation with the defendant on April 17, 1968. However, the record shows that he did give the proper warning to the defendant on both April 17 and again on April 18. Thus, we hold that the trial judge did not commit error by the admission into evidence of these confessions and admissions.
Appellant also complains that the statement he gave was not voluntary and that he did not have the opportunity to intelligently waive his rights. In reading the entire record of the activities of the defendant and the investigators, it is clear that defendant understood what he was doing and that he did it voluntarily and intelligently.
*87 Defendant then complains that he was incapable of voluntarily waiving his rights as he was suffering drug withdrawal symptoms. But at that time defendant had been treated for a period of seventeen days in the jail clinic for his condition and we believe that that amount of time was sufficient for the defendant to have regained his faculties to the extent that he knew precisely what he was doing.
For the foregoing reasons, defendant has failed to show reversible error and we therefore affirm.
HOBSON, C. J., and PIERCE, J., concur.