PER CURIAM.
By direct appeal, we have for review a judgment and sentence convicting appellant Jerry Dwayne Fowler of murder in the first degree [Fla.Stat. § 782.04(1), F.S.A.] without a recommendation of mercy by the jury. Jurisdiction over the appeal attaches by virtue of Fla.Const. Article V, Section 4(2), F.S.A. We affirm the judgment entered below.
Three points are urged by appellant for reversal of his conviction. Concerning our disposition of the first point, the necessity for a plenary hearing as to appellant’s competency to stand trial, see Fowler v. State, 255 So.2d 513 (Fla.1971). In that opinion we determined that CrPR 1.210(a) required such a hearing, and accordingly remanded the cause to the trial court with instructions that a hearing be provided. A plenary hearing has now been held, appel *203 lant has been adjudicated competent to stand trial, and the record in the cause returned to this Court; therefore, we turn at this time to the remaining contentions urged by appellant.
First, appellant challenges the adequacy of the warnings given him by the arresting authorities pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed,2d 694 (1966). It appears from the record in the cause that Fowler was taken into custody at approximately 1:00 P.M. on the afternoon of October 13, 1969, two days after the murder. Upon arrival at the county jail, Fowler was advised of his rights “from the rights card” and he indicated that he understood them. He was then questioned intermittently by Detective Anderson and Captain McMullen from 1:45 P.M. until 5:30 P.M., at which time he gave an oral statement admitting his guilt. Throughout this time, he was never placed in a cell, but sat in an air-conditioned office on the premises of the county jail. Two or three times he was left alone for short periods while the officers conferred or drank coffee.
Between 5:30 P.M. and 6:15 P.M. Fowler’s oral statement was reduced to writing; he signed it, after reading it, at 6:15 P.M., and the questioning period was brought to an end. Insofar as it pertains to the adequacy of his Miranda warnings, Fowler’s statement reads as follows:
“I am Detective Donald Anderson of the Pinellas County, Florida, Sheriff’s Department.
“Q. State your name, age and address.
“A. Jerry Dawyne Fowler, 20, 1630 Greenwood Avenue South, Clearwater, Florida.
“Q. Do you understand that you do not have to answer any of my questions and that you have an absolute right to remain silent?
“A. Yes.
“Q. Should you talk to me, do you understand that anything you might say in answer to my questions can and will be used against you in a court of law?
“A. Yes.
“Q. Do you understand that you have the right to have an attorney present at this time before you make any statement and any time hereafter? If you cannot afford to hire a lawyer, one will be appointed to represent you before any questioning, if you wish one.
“A. Yes.
“Q. Do you want an attorney at this time?
“A. No.
“Q. Do you realize you can stop this statement at any time?
“A. Yes.
“Q. Has anyone offered you any reward or promised you anything or inr dicated to you that he might be able to obtain a light sentence?
“A. No.
“Q. Are you making the following statement of your own free will because you want to make this statement and for no other reason?
“A. Yes.”
In the circumstances, we are satisfied that Fowler was adequately advised of his rights, that he understood them, and that he intelligently waived them. In State v. Craig, 237 So.2d 737 (Fla.1970), the most recent pronouncement of this Court on the Miranda question, we said:
“In determining whether proper warnings with respect to right to counsel and right to remain silent have been given to a suspect, factors to be considered are whether the suspect understood that he did not have to speak, the consequences *204 of speaking, and that he had a right to counsel before and while doing so if he wished.
“A statement by the accused that he fully understands and waives his rights is not an essential link in the chain of proof. Waiver may be shown by attendant circumstances. United States v. Hayes, 385 F.2d 375 (4th Cir. 1967), certiorari denied, 390 U.S. 1006, 88 S.Ct. 1250, 20 L. Ed.2d 106 (1968).”
Here the attendant circumstances demonstrate compliance with Miranda as this Court has interpreted it in Craig. Fowler was advised of his rights prior to the beginning of any interrogation; he indicated that he understood these, but that he nevertheless wished to talk with the officers. He was again advised of his rights, in question and answer form, at the time he gave his written statement. He was not interrogated for an unduly long time or without letup so as to call into question the continued efficacy of the initial warnings. Detective Anderson believed that Fowler understood his rights. Finally, a reading of Fowler’s statement itself indicates that he understood the questions asked, was cognizant of the events going on around him, and was aware of the situation with which he was faced. We find no error on this point.
As his final contention, appellant urges that the trial judge departed from his required role of absolute neutrality in the trial of the case. Suffice it to say that we have thoroughly investigated the record in this regard and find no indication of bias or abuse of discretion on the part of the trial judge.
Having considered the record and evidence to determine “if the interests of justice require a new trial” as required by F.A.R. 6.16(b), 32 F.S.A.,[1] we conclude that defendant’s conviction is amply supported by the evidence and that his trial was free from prejudicial error.
Accordingly, the judgment appealed herein is affirmed.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON, ADKINS, BOYD, McCAIN and DEKLE, TL, concur.

. The rule referred to supersedes Fla.Stat. § 924.32(2), which was repealed in 1970 by Chapter 70-339, Laws of Florida.