HENDRY, Judge.
Appellant was charged by information with breaking and entering a building with intent to commit grand larceny and with possession of burglary tools. He entered a plea of not guilty, and was tried and found guilty by a jury of attempted breaking and entering and possession of burglary tools. He was sentenced to terms of five and two years in the state penitentiary, to run consecutively.
Appellant has argued several points in his appeal, however, the only one which we think merits discussion here is that contending that the trial court erred in failing to timely hear his motion to suppress and in failing to suppress alleged statements of appellant which had been obtained in viola *791 tion of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
At trial, after the jury had been sworn, but before opening statements had been made, and while the jury was out of the courtroom, appellant moved to suppress his alleged statements the state planned to introduce at trial. The court refused to consider the motion at that time, but considered it immediately before the statements were to be introduced at trial.
Officer Matthews, a state’s witness, testified that he responded to a call and confronted three suspects at the rear of the store building that was being broken into, one of whom was the defendant Alan Jay Barker. This defendant and one other person were standing side by side in front of the window of the building. He further testified that he advised this defendant and the other suspect of their rights, reading the rights from a card.
Officer Baker, also a state’s witness, testified that he searched this defendant and the two other suspects apprehended at the scene of the crime and conducted an examination thereof. He further testified to hearing Officer Matthews read the defendant his rights. His testimony on this matter was as follows:
“Q: You heard him read the rights?
“A: Yes, I was right beside him.
“Q: Did any of them ask for counsel, an attorney, a lawyer ?
“A: No.
“Q: None of them?
“A: At the last line on the right, it’s asked, ‘Would you answer our questions without an attorney? They said that they would not answer our questions until they had an attorney.
“Q: I’m asking-
“A: That’s exactly what they said. (R. 290, 291)”
¡< if ‡ *
“Q: But you’re certain, now, just in repetition, that when the rights were read to the defendants they said they would not answer any questions until their attorney was present, right?
“A: He asked-
“Q: They didn’t want to talk?
“A: He asked a general question of all three I remember it was said, ‘Do you, anyone, want to talk to me about this?’
“After he read the last line on the thing they said, ‘No, not without an attorney.’
“He said,‘Fine.’ (R.293)”
Officer Brown was called as a state’s witness at the hearing on the motion to suppress. He testified as to events that transpired at the police station. Brown produced a copy of a constitutional rights waiver form which the co-defendant had initialed and signed, and a written confession of the co-defendant. He stated that the defendant, Barker, had refused to sign the waiver form, but had waived his rights orally. Officer Brown was not aware, at that time, that Officer Baker had advised the defendant of his rights and that the defendant had indicated that he wanted an attorney. He stated that the defendant did not desire the presence of an attorney, and that the defendant wanted to tell him what happened.
The defendant was called as a witness on the motion to suppress. He stated that when the officer at the scene asked if he wanted a lawyer, he replied, “Yes, I want a lawyer.” He refused to say anything at the scene. At the police station the defendant said Officer Brown “Pushed one of those things (the waiver form) in front of me. He asked me to sign it and started reading it. I told him, ‘I’m not talking to nobody,’ and that was it.” He said the officer then said, “You know you have to sign it.” To which the defendant replied, “I don’t have to talk to you at all. I’m *792 telling you nothing. I’m not signing nothing.” He refused to sign the waiver and said, “I will wait until I have my attorney.”
The trial court denied the defendant’s motion to suppress and the alleged statements of the defendant were admitted into evidence.
The defendant argues that the trial court committed reversible error in failing to suppress the statements of the defendant which he is alleged to have made to the police officers in violation of his rights under Miranda v. Arizona, supra. The state contends that the trial court correctly ruled on the motions and objections made by the defendant as to the admission of the alleged statements made to the officers, and that the defendant’s rights as enunciated in Miranda, were not violated.
The testimony presented by the state’s witnesses and the testimony of the defendant at the motion to suppress hearing is obviously conflicting. In essence, the defendant urges that the trial judge was compelled to believe his version of the facts over that of the police officers who testified. A similar contention was made in the case of Foreman v. State, Fla.App. 1968, 213 So.2d 754. In that case the court noted on page 755:
“Stripped to its very essence, appellant here contends that his word as to whether he was given the prescribed warnings should be given greater weight as a matter of law than that accorded the police officer who testifies that the warnings in question were given. We cannot agree to such notions. We know of no legal principle which requires us to rule that an accused’s refutation of a police officer’s testimony should be binding on the courts of this State. Obviously defendant has little to lose by asserting anything that may lead to his release without regard to its truth or falsity. Persons accused of crime have been known on occasion to exercise a careless disregard for accuracy in relating what happened. Police officers, however, are not so interested in the outcome of a criminal proceeding that it can be said, as appellant would have us rule, that as a matter of law their testimony is unworthy of belief . . . We know of no cases holding that a trial court or jury must believe the defendant’s version of what occurred or which rests such determination on the number of witnesses that either of the parties litigant produces in support of their case.
“It is our view that the State has satisfied the burden of showing that the accused was advised of his rights when the officer or other person doing so gives sworn testimony to that effect and, after defendant has had an opportunity to cross examine, the trial judge rules that the confession in question was voluntarily given.”
See also: Perkins v. State, Fla.1969, 228 So.2d 382; Simmons v. State, Fla.App.1969, 227 So.2d 84. Thus, we have held, and continue to hold, that a resolution of the issues as to the voluntariness of a confession is a job for the trial court, whose province it is to adjudge the credibility of the witnesses and the weight of the evidence. Reynolds v. State, Fla.App.1969, 222 So.2d 246. The appellant has failed to show that the court erred in ruling that, “I deny the motion to suppress and accept the officers’ statement.” This court will not substitute its judgment for that of the trial court as to the voluntariness of confessions or admissions after the defendant has been advised of his rights. Oliver v. State, Fla.App.1970, 239 So.2d 637.
The appellant also contends that his initial request for an attorney at the on-the-scene interrogation precluded any statements from being taken from him at any future time unless and until an attorney was furnished. Factually, conflict exists in the testimony as to whether a request for counsel was ever made and, as such, the rationale applied above governs this contention also. However, even as *793 suming the defendant’s statement of the facts, we cannot agree with the legal conclusion drawn therefrom. James v. State, Fla.App.1972, 263 So.2d 284; cf. Rhome v. State, Fla.App.1969, 222 So.2d 431.
We have carefully considered all points on appeal in the light of the record, briefs and argument of counsel and have concluded that no reversible error has been made to appear. Therefore, the judgment and sentences are affirmed.
Affirmed.