HENDRY, Judge.
Appellant, defendant below, appeals from a judgment and sentence for murder in-the second degree.
On March 26, 1975, appellant was tried before a jury on a one count charge of second degree murder. The jury returned a verdict of guilty as charged and, accordingly, the trial court entered its judgment of guilty and sentenced appellant to ten years confinement at hard labor in the Florida State Penitentiary. From this judgment and sentence dated May 8, 1975, appellant appeals.
Appellant contends that the trial court erred in entering the judgment and sentence because during the trial certain statements and confessions made by him were admitted into evidence over his timely objections and motions to suppress them. Also, appellant contends that the trial court erred in denying his motions for mistrial and acquittal. Additionally, appellant contends that the trial court committed fundamental error by instructing the jury that second degree murder was a capital offense.
Appellee, prosecution below, contends that appellant has failed to demonstrate any reversible error in the trial court’s admission into evidence of his various statements and confessions because they were found to be freely and voluntarily made. Appellee also contends that appellant has failed to demonstrate any reversible error in regard to the trial court’s jury charge stating that second degree rriurder was a capital offense.
After a careful review of the record in the instant appeal, we are of the opinion that the trial court did not commit any reversible error by admitting into evidence the statements or confessions complained of by appellant. Each of them was made freely, voluntarily, and, where appropriate, after appellant was fully advised of his legal rights. See Michigan v. Mosley, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313, 44 U.S.L.W. 4015 (1975); Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (1966); McDole v. State, Fla. 1973, 283 So.2d 553; Ashley v. State, Fla. 1972, 265 So.2d 685; Fowler v. State, Fla. 1972, 263 So.2d 202; Simmons v. State, Fla.App.1969, 227 So.2d 84; Reynolds v. State, Fla.App.1969, 222 So.2d 246; Cameron v. State, Fla.App.1968, 214 So.2d 370; Foreman v. State, Fla.App.1968, 213 So.2d 754; and Barton v. State, Fla.App.1966, 193 So.2d 618.
The other points raised on appeal by appellant are also without merit. The *573 record shows that he had a full and fair trial and no harmful or prejudicial error has been shown. See Yost v. State, Fla. App.1971, 243 So.2d 469; Blatch v. State, Fla.App.1968, 216 So.2d 261; Sections 59.-041 and 924.33, Fla.Stat., F.S.A.; and Rule 3.390(e), Florida Rules of Criminal Procedure, 33 F.S.A.; and Rule 6.7(g), Florida Appellate Rules, 32 F.S.A.
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the judgment of guilt and sentence appealed are affirmed.
Affirmed.