378 So.2d 842 (1979)
Ernest James FINLEY, Appellant,
v.
STATE of Florida, Appellee.
No. LL-387.
District Court of Appeal of Florida, First District.
December 19, 1979.
*843 Charles E. Amos, Fort Walton Beach, for appellant.
Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
PER CURIAM:
This is an appeal from judgments of conviction in the Circuit Court of Okaloosa County of murder in the first degree and armed robbery, and sentences thereon.
The only point on appeal is the alleged error of the trial court in refusing to suppress certain statements made by appellant which were by their nature confessions or admissions involving appellant's participation with other persons in the two crimes for which he was convicted by the jury. The basis of the motions to suppress is that appellant claimed that the confessions and admissions were not voluntarily made by him and that the trial court failed to determine that they were so made.
We note at the outset that the State's burden to prove that a confession was voluntary is by a preponderance of the evidence  not beyond a reasonable doubt. Wilson v. State, 304 So.2d 119 (Fla. 1974).
We have carefully reviewed the record herein and have heard oral argument and considered the briefs of counsel, and conclude that the trial court did not err in denying the motions to suppress the statements. There is in the record sufficient and substantial competent evidence which establishes the voluntary character of the statements sought to be suppressed which were made after appellant had been advised of his constitutional rights. We therefore cannot substitute a contrary judgment for that of the trial judge who heard the witnesses and who was in a much better position to judge of their credibility than we should do from the reading of the cold record herein. Shuler v. State, 132 So.2d 7 (Fla. 1961); Ebert v. State, 140 So.2d 63 (Fla.App. 2, 1962); Barker v. State, 271 So.2d 790 (Fla.App. 3, 1973).
As to the trial court's determination in so many words that he found the statements admitted into evidence as having been voluntarily made by appellant, we conclude that the totality of the evidence adduced and the statements made by the trial court during the hearing on the motions and at the conclusion thereof show clearly that he did rule that they were voluntarily made. We hold that there is no magic in the words "I declare that the confessions (or admissions) were voluntarily made", but the trial court's determination of the question of voluntariness must be gleaned from all that was said and done at the hearing. Particularly, is this true when there is, as here, a complete absence of any evidence of coercion as to the statements admitted into evidence. Bunch v. State, 303 So.2d 705 (Fla.App. 1974); Wilson v. *844 State, 304 So.2d 119 (Fla. 1974); Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967).
Affirmed.
McCORD and SHIVERS, JJ., and MASON, ERNEST E., Associate Judge (Retired), concur.