WALDEN, Judge.
Raphael Desjardins, appellant, was convicted of trafficking in cocaine in an amount of 400 grams or more. He raises four issues on appeal, one of which warrants reversal.
We affirm the trial court’s denial of appellant’s motions to suppress physical evidence and appellant’s statements. Appellant did give voluntary consent to search his luggage, and therefore, the cocaine found within was properly admitted into evidence. See State v. Wargin, 418 So.2d 1261 (Fla. 4th DCA 1982); and Jacobson v. State, 476 So.2d 1282 (Fla.1985). In addition, there was sufficient evidence to support the trial court’s finding that the appellant’s confession was made freely and voluntarily, and therefore, his statements were properly admitted. See Finley v. State, 378 So.2d 842 (Fla. 1st DCA 1979).
We find no merit in appellant’s assertion that he was denied his right to a fair trial *734 and due process because of prosecutorial and judicial misconduct. However, the trial court did not conduct a proper Richardson [1] hearing, which requires reversal.
A Richardson hearing should cover the questions as to “whether the state’s (discovery) violation was inadvertent or willful, whether the violation was trivial or substantial, and most importantly, what effect, if any, did it (the discovery violation) have upon the ability of the defendant to properly prepare for trial.” Richardson, 246 So.2d at 775. In order to determine whether the state’s discovery violation has prejudiced the defendant or has been harmless, the defendant must be given an opportunity to present his argument on the matter. Smith v. State, 500 So.2d 125 (Fla.1986).
Here, the appellant was denied the opportunity to present his argument. The trial court, in conducting the Richardson hearing, did not allow the defense counsel to take any testimony or make a record as to why the non-disclosed witness would be prejudicial. Therefore, we find the trial court did not conduct an adequate Richardson hearing. We must reverse and remand for a new trial. See Smith.
Affirmed in part; reversed and remanded in part.
LETTS and STONE, JJ., concur.

. Richardson v. State, 246 So.2d 771 (Fla.1971).