Fullerton v. Amblo, No. 1286-04 Cncv (Norton, J., Dec. 22, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

Chittenden County, ss.:

KRISTY FULLERTON

v.

JAMES AMBLO

ENTRY

The defendant, Kristy Fullerton, appeals a small claims court decision awarding $1,060 damages or, in the alternative, the return of a sapphire and diamond ring to the plaintiff, James Amblo. The small claims court held that although the ring was not an engagement ring, it was analogous to one. Therefore, Ms. Fullerton had to return the ring when the relationship dissolved. Ms. Fullerton argues that because the ring was not an engagement ring, the small claims court should have considered it an absolute gift, and

she should not have to return it to Mr. Amblo. For the following reasons, this court reverses.[1]

Mr. Amblo and Ms. Fullerton were in a relationship for more than two years. About mid-way through this relationship, Mr. Amblo bought Ms. Fullerton a sapphire and diamond ring. When he gave it to her, Mr. Amblo asked that she be his girlfriend for a long time. About a year and a half later, they split up permanently.

In small claims court, Mr. Amblo sought to have Ms. Fullerton return the ring, arguing that it was an engagement ring. The small claims court found that the ring was not an engagement ring, but it was analogous to one. Though Mr. Amblo did not give the ring for a promise of marriage, he did give it for a proposal that Ms. Fullerton be his girlfriend for a long time. Ms. Fullerton accepted that proposal by accepting the ring, so the small claims court held that the ring could be treated "as though it were an engagement ring." Accordingly, the court applied rules related to gifts given in contemplation of marriage, and held that Ms. Fullerton must return the gift given that the relationship did not carry on as Mr. Amblo had anticipated.

On appeal, Ms. Fullerton argues that the small claims court's treatment of the ring as an analogue to an engagement ring was error.

This court's review of small claims court decisions is one of high deference. The court is limited to questions of law, Vt. R. Small Claims P. 10(d), and is not authorized to make its own substantive findings of fact, Kopelman v. Schwag, 145 Vt. 212, 214 (1984). Therefore, this court defers to the small claims court finding that the ring was not, in fact, an engagement ring. The dispositive issue then concerns whether a gift may be analogous to a gift given in contemplation of marriage, even though the donor did not actually contemplate marriage. This court holds that it cannot.

---

[1]The court notes that the small claims court also held that Mr. Amblo could not recover a birthday gift that he gave to Ms. Fullerton because it was an absolute gift. The parties do not contest, and the court does not disturb, this holding.

Courts at common law long recognized a cause of action to recover gifts made in contemplation of marriage, along with many similar actions related to engagements. Vermont has abolished causes of action for breach of contract to marry, seduction, and the like. 15 V.S.A. § 1001. The Legislature, however, preserved a cause of action "for the recovery of a chattel, the return of money, or the value thereof at the time of the transfer . . . where the sole consideration for the transfer of the chattel, money or securities . . . was a contemplated marriage." Id. § 1002. In Vermont, as elsewhere, courts have treated this cause of action as a species of an enforcement of a conditional gift. See, e.g., Williamson v. Johnson, 62 Vt. 378, 384–85 (1890); Annotation, Rights in Respect of Engagement and Courtship Presents When Marriage Does Not Ensue, 44 A.L.R.5th 1, § 3; Comment, "But I Can't Marry You": Who Is Entitled to the Engagement Ring When the Conditional Performance Falls Short of the Altar?, 17 J. Am. Acad. Matrimonial Law. 419, 421–22 (2001).

Unlike other conditional gift actions where the donor may need to more clearly articulate the condition attached, actions involving items like engagement rings apply only where the parties actually "contemplate[] marriage," according to the express wording of the statute. The Legislature recognized this specific application of conditional gift rules most likely because gifts given in contemplation of marriage are presumptively conditional on the marriage occurring. Indeed, several courts have upheld a presumption that engagement rings are conditional on the marriage occurring and the donee must return the ring where the parties terminate the engagement. See, e.g., Fierro v. Hoel, 465 N.W.2d 669, 671 (Iowa 1990); Heiman v. Parrish, 942 P.2d 631, 634 (Kan. 1997). Therefore, courts should not extend this statute liberally to marital analogies, such as "girlfriend for a long time," because the same presumptions of a conditional gift may not exist. See State v. O'Neill, 165 Vt. 270, 275 (1996) ("We presume the Legislature intended the plain, ordinary meaning of the language. It is inappropriate to read into a statute something which is not there unless it is necessary in order to make the statute effective." (citations omitted)). Indeed, other courts have declined to apply conditional gift rules in engagement circumstances to gifts given in mere courtships. See, e.g., Fortenberry v. Ellis, 271 So. 2d 792, 793–94 (La. App. Ct. 1969); Pass v. Spirit, 35 A.D.2d 858, 859 (N.Y. App. Div. 1970).

Moreover, the special recognition for gifts given in contemplation of marriage have invited criticism in legal academia. One commentator has noted that the rule does

not comport with modern expectations of engagements and is applied in a sexist manner, because the prospective bride cannot typically recover expenses that she incurs in preparing for the wedding as she does not "transfer" these expenses to the prospective groom. See Note, Rules of Engagement, 107 Yale L.J. 2583, 2600–14 (1998). It is, of course, not this court's place to overturn a cause of action that the Legislature specifically preserved. But given the antiquated condition of this rule, the court does not wish to extend it beyond explicit boundaries. Accordingly, this court must reverse the small claims court holding that, because the ring in this case was analogous to an engagement ring, the court should treat it as a gift given in contemplation of marriage.

The court still must consider, however, whether the gift was conditional even though it was not given in contemplation of marriage. The only condition that the small claims court found is based on Mr. Amblo's statement that Ms. Fullerton be his girlfriend for a long time. As stated above, the court must defer to the small claim court's factual findings. Additionally, small claims court findings "must be construed, where possible, to support the judgment." Kopelman v. Schwag, 145 Vt. 212, 214 (1984). Nevertheless, the evidence must support the small claims court findings and judgment. Brandon v. Richmond, 144 Vt. 496, 498 (1984).

Despite this court's deferential standard of review, the court cannot construe the small claim court's findings to support its judgment by applying the law of conditional gifts. "A gift may be conditioned upon the donee's performance of specified obligations or the happening of a certain event. If the obligation is not performed, the donor is entitled to restitution." Ball v. Hall, 129 Vt. 200, 207 (1971) (citations omitted). "Whether a gift is conditional or absolute is a question of the donor's intent, to be determined from any express declaration by the donor at the time of the making of the gift or from the circumstances." 38 Am. Jur. 2d Gifts § 72.

Cases addressing conditional gifts outside the context of engagements discuss situations of clear statements that specify precise conditions. See, e.g., Ball, 129 Vt. at 206 (discussing condition that town use monetary gift for maintenance of high school); Univ. of Vt. v. Wilbur's Estate, 105 Vt. 147, 160–74 (1933) (discussing conditions of gifts to University of Vermont); Blanchard v. Sheldon, 43 Vt. 512, 514–15 (1871) (discussing condition of defeasance, which expired upon donor's death).

Here, Ms. Fullerton could not have reasonably ascertained the precise terms of the condition attached to Mr. Amblo's gift from his statement. For instance, she may have reasonably understood a "long time" commitment to amount to the year-and-a-half relationship they shared after the gift. The law requires "specified" obligations in order to render an otherwise absolute gift conditional, and Mr. Amblo's obligations were not specific. Therefore, this court cannot uphold the condition that Mr. Amblo may have attempted to attach to the ring, and the small claims court judgment must be reversed.

ORDER

For the foregoing reasons, the small claims court's judgment is REVERSED.

Dated at Burlington, Vermont, December 22, 2004.

_____/s/_____

Richard W. Norton    Judge