276 So.2d 845 (1973)
STATE of Florida, Appellant,
v.
James HARRIS, Appellee.
No. 72-885.
District Court of Appeal of Florida, Fourth District.
April 17, 1973.
Rehearing Denied May 21, 1973.
David H. Bludworth, State's Atty., West Palm Beach, for appellant.
David Roth of Cone, Wagner, Nugent, Johnson & McKeown, West Palm Beach, for appellee.
PER CURIAM.
This is an interlocutory appeal by the State from an order of the Circuit Court for Palm Beach County, Florida, suppressing on motion by defendant an oral confession made shortly after his arrest. The defendant was arrested on the night of 15 November 1971 and placed in the Pahokee jail on charges of having sexual intercourse with his ten-year-old stepdaughter. Shortly after his incarceration, he was questioned by a sergeant with the Palm Beach County Sheriff's Department and orally admitted the criminal act. The trial judge granted the motion and suppressed this admission on the ground that the same was involuntarily given.
There were three separate hearings on the motion to suppress. On the basis of the evidence presented at these hearings, the trial judge found that the oral admission was not voluntarily given. On appeal the State argues that the trial judge applied an improper criteria in evaluating the evidence as to voluntariness. The trial judge said in his order granting the motion to suppress that the voluntariness of the defendant's statement did not appear by clear and convincing evidence. The State cites the case of Lego v. Twomey, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972) for the proposition that the voluntariness of an admission or confession need only appear by a preponderance of the evidence.
We agree that this is the correct burden of proof under which the State operates *846 when it attempts to introduce a confession or admission by the defendant given while under in-custody interrogation, and this standard should have been applied in ruling on the motion to suppress. See Johnston v. State, Fla.App. 1972, 257 So.2d 94; but see State v. Graham, Fla.App. 1970, 240 So.2d 486 for a contrary view. We cannot determine whether or not the trial judge would have reached the same conclusion had he applied the standard of Lego v. Twomey, supra. Consequently the order suppressing the confession is vacated, and the cause is remanded to the trial court for a redetermination of the issue of voluntariness as it relates to the defendant's statement. In redetermining the issue of voluntariness, the court should apply the preponderance of the evidence rule.
Remanded with instructions.
REED, C.J., and OWEN and MAGER, JJ., concur.