288 So.2d 522 (1974)
Reba Louise SMITH, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-360.
District Court of Appeal of Florida, Third District.
January 8, 1974.
Rehearing Denied February 12, 1974.
*523 Phillip A. Hubbart, Public Defender, and Mark King Leban, Asst. Public Defender, and Kurt Marmar, Legal Intern, for appellant.
Robert L. Shevin, Atty. Gen., and J. Robert Olian, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant was informed against, tried by jury, convicted, and sentenced to ten (10) years in the state penitentiary for manslaughter.
Appellant raises two points on appeal, (1) the trial court erred in denying the motion to suppress her confession without an unequivocal and explicit finding of voluntariness, and (2) the trial court erred in denying the above motion where there was no clear showing of a knowing and intelligent waiver of the defendant's constitutional rights.
As to the first point, we find McDole v. State, Fla. 1973, 283 So.2d 553 to be controlling. In McDole, the Supreme Court first quoted Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967), which held that a trial judge need not make formal findings of fact or write an opinion with respect to the voluntariness of a confession, but his conclusion that a confession is voluntary must appear from the record with unmistakable clarity. Thereupon, the court determined that such "unmistakable clarity" does not appear simply from the trial judge's statement that the motion to suppress the confession is denied as was done in the case sub judice.
Accordingly, we reverse the judgment and sentence herein appealed and remand the cause for a new trial.
Reversed and remanded.