292 So.2d 373 (1974)
Bennie F. GRAHAM, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-1071.
District Court of Appeal of Florida, Third District.
April 2, 1974.
*374 Phillip A. Hubbart, Public Defender, and Kathleen Gallagher, Asst. Public Defender, and Lorna Kent, Legal Intern, for appellant.
Robert L. Shevin, Atty. Gen. and J. Robert Olian, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant was informed against, tried by jury, found guilty and sentenced to the state penitentiary for life for rape.
For his second point on appeal, defendant-appellant argues that the trial court erred in denying his motion to suppress his confession without an unequivocal and explicit finding of voluntariness. We find merit in this contention.
The record clearly reflects that the trial judge merely stated that the motion to suppress the confession is denied. The above statement simply does not meet the requirement that the trial judge's conclusion that the confession is voluntary appear from the record with unmistakable clarity. See McDole v. State, Fla. 1973, 283 So.2d 553.
Therefore, for the purpose of disposing of the issue of the court's making an unequivocal and explicit finding of voluntariness, this court will relinquish jurisdiction and remand the case to the trial judge to consider and then rule explicitly on the voluntariness of the defendant's confession with or without oral argument thereon as the trial judge shall choose. Promptly after an order is made on the issue of voluntariness as herein provided for, counsel for the appellant shall file herein a certified copy of such order. Further proceedings taken by this court on this appeal shall be as indicated or required dependent upon the order which shall be made on the issue of an explicit finding of voluntariness of the defendant's confession.
It is so ordered.