300 So.2d 310 (1974)
Jerry Dwight TROLINGER, Appellant,
v.
STATE of Florida, Appellee.
No. 73-845.
District Court of Appeal of Florida, Second District.
September 25, 1974.
Rehearing Denied October 8, 1974.
James A. Gardner, Public Defender, and Robert T. Benton II, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard C. Booth, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
In this appeal from a judgment and sentence to life imprisonment for second degree murder, Trolinger first contends that the lower court erred in admitting the testimony of a witness whose name had not been furnished to the defense pursuant to Rule 3.220, Rules of Criminal Procedure, 33 F.S.A.
The record shows that the trial court held a hearing outside the presence of the jury and made adequate inquiry into all surrounding circumstances as required by Richardson v. State, Fla. 1971, 246 So.2d 771. The court then granted defense counsel permission to talk with the witness and told him that if he needed to talk with other witnesses he could report this to the court. Defense counsel interviewed the witness, but made no request to talk with other witnesses, nor did he request a continuance.
*311 The inquiry made here adequately complied with the law as stated in Richardson. Spradley v. State, Fla. 1974, 293 So.2d 697. See Taylor v. State, Fla.App.1st, 1974, 292 So.2d 375.
Trolinger next contends that the trial court erred in denying his motion to suppress his confession without a specific finding of voluntariness and without a clear and convincing showing that he had knowingly and intelligently waived his constitutional rights.
Unlike the situation in McDole v. State, Fla. 1973, 283 So.2d 553; Smith v. State, Fla.App.3d, 1974, 288 So.2d 522, and Graham v. State, Fla.App.3d 1974, 292 So.2d 373, where the court merely stated that the motion to suppress the confession was denied, the trial judge in the case sub judice stated that Trolinger's rights were read to him, he was asked if he understood, and he stated that he did. The judge's conclusion that the confession was voluntary, therefore, appears from the record with unmistakable clarity. Cf. McDole, supra; Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593.
We have carefully examined the record and find that the trial court's conclusion that Trolinger's statements were voluntarily made is amply supported by the record.
Trolinger's third point is without merit. Expert testimony, though persuasive, is not conclusive or binding on the jury, and the jury is free to determine the credibility and to decide the weight to be ascribed. Shaw v. Puleo, Fla. 1964, 159 So.2d 641; Taylor v. Posey, Fla.App.1st 1973, 283 So.2d 118.
The judgment and sentence appealed are
Affirmed.
BOARDMAN and GRIMES, JJ., concur.