304 So.2d 119 (1974)
Dennis Wayne WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 45690.
Supreme Court of Florida.
November 27, 1974.
Warner S. Olds, Public Defender and William W. Herring, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., C. Marie Bernard and Robert B. Breisblatt, Asst. Attys. Gen., for appellee.
McCAIN, Justice.
Appellant stands before us on direct appeal from a jury trial for first degree murder in which he was convicted and adjudicated guilty of second degree murder. His attack is two-pronged: (1) by attacking the trial judge's denial of his motion to suppress a confession without a specific finding on voluntariness, and (2) by attacking vel non (and as applied) the trial judge's ruling upholding the constitutionality of § 913.08(1)(a), F.S., and F.R.Cr.P. 3.350(a). Appellant contends that the act and rule constituted a denial of due process and equal protection of law by failing to give him, an accused charged with a capital felony, any more peremptory challenges *120 than those given to one charged with a felony punishable by life imprisonment.
We have jurisdiction pursuant to Art. V, § 3(b)(1), Florida Constitution, and accordingly, after hearing oral arguments and upon review of the briefs and record, we affirm.
Appellant's disagreement with the trial judge's lack of a specific ruling and finding on the voluntariness of his confession is without merit for the following reason.
A hearing was obviously held upon the admissibility of the confession. Lt. O'Connor, who had taken appellant's statement, testified that appellant's "warningrights" were read verbatim to him from the waiver form and that he answered "yes" to the question "do you understand" and initialed each question and added that he was permitted to read the rights waiver form. The waiver form was signed at the top and bottom by Lt. O'Connor. It was admitted into evidence and Lt. O'Connor identified the appellant as having signed it.
Appellant also admitted that no request of his for comfort (coffee  cigarettes  use of bathroom, etc.) was refused; that the room was well lighted; and that Lt. O'Connor tried to make him as comfortable as possible.
Noteworthy was an additional statement contained in the "waiver" form, reading as follows:
"... no threats or promises have been made to me. No pressure of any kind has been used against me, nor have I been tricked or fooled into giving this statement. I understand and know what I am doing...."
While it is true that the State must show by a preponderance of the evidence that a confession was voluntary (Dodd v. State, Fla.App. 1970, 232 So.2d 235; State v. Stone, Fla.App. 1973, 279 So.2d 351; State v. Harris, Fla.App. 1973, 276 So.2d 845; Smith v. State, Fla.App. 1974, 288 So.2d 522; and McDole v. State, Fla. 1973, 283 So.2d 553), nevertheless, there are many instances in an evidentiary hearing where certain apparent impervious occasions arise. Wisdom and reasoning must then be applied in resolving the ultimate conclusion to be drawn from the given set of facts. Apropos is the problem sub judice which is subject to objective probity in our review.
The clear and uncontradicted testimony of Lt. O'Connor together with the documentary evidence, remained uncontroverted. No contention or attempt was made or proffered to espouse a theory of coercion, brutality or involuntariness.
In this posture, we still adhere to our position in McDole, supra, at 554 acknowledging, however, a major distinguishing feature. Therein, we stated:
"A specific finding of voluntariness is necessary to ensure that a judge has properly met this requirement. The necessity of such a requirement is particularly evident, where as here, a strong showing is presented by defendants in support of their contention that they were subjected to brutal beating coercing their confessions."
and, in McDole, we went into great detail to describe the brutalities inflicted upon the persons involved. Here, however, no coercion was suggested, and, therefore we are not faced with a similar situation. See also Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) and Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967).
Under the circumstances advanced for review, we can only conclude that the trial judge correctly determined that the confession was "voluntary" by virtue of his denial of appellant's motion to suppress.
*121 Also, a review of the record as a whole in this cause deems it unnecessary to relinquish jurisdiction to the trial court for a specific finding and/or ruling on this issue of voluntariness.
The second and final issue is also without merit. Approximately five peremptory challenges were used by the defense and these certainly were less than those permitted by law. While the right to trial by jury in a case of this nature is fundamental, the exact number of persons prescribed to constitute a trial jury panel, as well as enumerated peremptory challenges, is a procedural process. Cramp v. Board of Public Instruction of Orange County, Florida, 368 U.S. 278, 82 S.Ct. 275, 7 L.Ed.2d 285 (1961); Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968).
Additional review by our Court reveals that the use or lack of use of the peremptory challenges fails to demonstrate any prejudicial, harmful or reversible error. Young v. State, 234 So.2d 341 (Fla. 1970).
Accordingly, this case is devoid of any facets of Gorgon stature, and our Court certainly is not constructed to be simply one of "gossoon" jurisdiction. This is not to imply that appellant's arguments are akin to a linnet in a hurricane, however the authority entrusted to us prevents any effacement in this case of the judgment rendered below.
For the reasons aforesaid, this cause is hereby affirmed.
It is so ordered.
ADKINS, C.J., and ROBERTS, BOYD, DEKLE and OVERTON, JJ., concur.
ERVIN, J., dissents.