303 So.2d 705 (1974)
Joseph BUNCH, Appellant,
v.
STATE of Florida, Appellee.
No. W-111.
District Court of Appeal of Florida, First District.
December 3, 1974.
Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
JOHNSON, Judge.
This is an appeal from a final judgment and sentence after a jury verdict of guilty.
There is no contention that the appellant, the defendant below, was not guilty. The only question raised is that the trial court did not spell out with unmistakable clarity in its ruling on the admissibility of the confession of the defendant, that the same was voluntary. Counsel for the defendant had objected to the testimony of a Deputy Sheriff which included the confession. After the court inquired of the witness (Deputy Sheriff) if, after the deputy had advised him of his Miranda warnings, whether or not the defendant had told the deputy he did not want to talk to him anymore, and received from the witness a negative answer, the Court then ruled:
"The objections are overruled in their entirety except as to the testimony of this witness with respect to the polygraph examination. As to that portion of the witness's testimony, the objection is sustained and it will be excluded from the consideration of the jury."
The objection on which the trial court made the above ruling was to the effect that the State had not established that the defendant waived his rights prior to the time the statement was made; that the State had not shown evidence sufficient to show that the defendant waived those rights prior to the admission or confession that the Deputy Sheriff had testified to. There was no objection to the trial court's failure to further spell out the voluntariness of the admission or confession. There is no evidence nor contention on the part of the defendant that there was any coercion. In fact, the testimony before the court negated that fact.
Appellant relied on the case of McDole v. State, 283 So.2d 553 (Fla. 1973) as determinative of this appeal, on the statement of the court when it said:
"A specific finding of voluntariness is necessary to insure that a judge has properly met this requirement." Id. at 554.
While we do not quarrel with the McDole case, we do find a distinct difference *706 in the factual situation. In McDole there was no question but that the confessions were coerced by physical treatment. It may be a better practice for the trial court to spell out his findings as to why he determines that the confession is voluntary, but we think and so hold, that in the absence of any evidence or contention of coercion, when taking the total record as a whole, which clearly indicates that the trial court had in fact determined that the confession was voluntary, then the error complained of was without merit, and, at most, harmless error. The remand for a new trial merely to let the trial court spell out that the confession was voluntary would accomplish no good for the appellant nor add anything to our system of jurisprudence.
Affirmed.
SPECTOR, Acting C.J., and BOYER, J., concur.