306 So.2d 603 (1975)
Victoriano MELERO, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-243.
District Court of Appeal of Florida, Third District.
January 28, 1975.
*604 Phillip A. Hubbart, Public Defender, and Paul Morris, Legal Intern, for appellant.
Robert L. Shevin, Atty. Gen., and Elliot H. Scherker, Legal Intern, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
Appellant, defendant in the trial court, seeks review of a judgment and sentence of 20 years imprisonment for second-degree murder following a jury trial.
The issues involved in this case surround statements made by the accused to a police officer on two occasions.
The appellant was charged with second-degree murder in connection with the murder of his wife. After he allegedly killed her, appellant attempted to commit suicide by cutting himself with a knife and a razor blade in the arms and neck.
The incriminating statements which he gave to the police were obtained while the *605 defendant was being transported to the hospital and later at the hospital.
The appellant contends that the first statement was obtained illegally because it involved a custodial interrogation in which the police officer failed to advise the appellant of his constitutional rights in accordance with the U.S. Supreme Court's dictum in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We think this point lacks substantial merit.
The record is clear that the police officer had arrived at the scene in his patrol car, and without ever entering the apartment where the homicide had occurred, he got into the ambulance which was taking the appellant to the hospital. All the officer knew at that point was that a woman had died and a man was badly injured. He asked the appellant, "what happened?" to which the appellant replied, "I killed my wife." The officer testified that he then stopped asking any more questions until after the appellant was at the hospital.
We do not think the officer's question and the appellant's answer constitutes custodial questioning within the meaning of Miranda. In our view, the officer's question properly is categorized as "general on-the-scene questioning," referred to in Miranda, which might normally be expected in the investigation of any crime.
Next, the appellant challenges the admissibility of a detailed account of the crime which the appellant rendered to the same police officer approximately one hour after he arrived at the hospital.
After arriving at the hospital, the police officer waited approximately fifteen minutes before attempting any further questioning. He then fully advised the appellant of his constitutional rights. The officer then testified:
"Fifth, I asked him: On your rights as they have been related to you, are you now willing to answer the questions without having an attorney present? At this time, I asked him, `Do you understand what I asked you?' He said, `Yes, I would like to speak to you, but not now. When I feel a little better."
The officer's testimony further revealed that at the time he read the appellant his rights a doctor and two interns were attending to the appellant's medical needs. The officer stated that the doctors were suturing his wounds and also giving him superficial shots for his wounds.
The officer stated that he waited another 45 minutes before again approaching the appellant. He then asked the appellant if he were willing to talk to him, and the appellant answered that he was. At this time, the doctors were completing the bandaging of the appellant's wounds. The officer stated that he did not re-advise the appellant of his rights, before taking his confession.
The appellant now contends that his waiver of his constitutional rights was not made knowingly and intelligently nor was his confession voluntary. And, appellant further argues that a reversal is mandated because the trial judge did not enter a specific finding that his confession was voluntary in accordance with the Florida Supreme Court's holding in McDole v. State, Fla. 1973, 283 So.2d 553.
We will discuss these points together because we think they are related. The state has relied on the very recent holding of our Supreme Court in Wilson v. State, Fla. 1974, 304 So.2d 119, which amplified on the earlier decision rendered in McDole.
From our careful study of the opinion written by Mr. Justice McCain in the Wilson case, we think it is now the law that where the defendant advances a theory that his confession was the product either of coercion, brutality, or some other improper police procedure which caused the confession to be involuntary, a specific finding by the trial judge is mandated that the confession was voluntary.
*606 In the cause sub judice, it is clear that the appellant did not base his motion to suppress upon a theory of police coercion or brutality.
From the record, it appears that the real issue is whether or not a specific finding was required based solely on the appellant's contention that his confession was not knowingly or voluntarily made as a result of his medical condition. We hold that such a finding was not mandatory.
The record shows that a thorough hearing was held out of the jury's presence to determine the admissibility of the appellant's statements. In our view, when the court denied appellant's motion he necessarily determined that the confession was voluntary. See, Wilson v. State, supra.
We have further determined that the trial judge's finding that the confession was voluntary and that the appellant intelligently and knowingly waived his constitutional rights is supported by substantial competent evidence. State v. Oyarzo, Fla. 1973, 274 So.2d 519; Jetmore v. State, Fla.App. 1973, 275 So.2d 61; Demattia v. State, Fla.App. 1974, 292 So.2d 390.
We do not believe that the mere fact that the appellant was in a hospital being treated for his self-inflicted wounds, and that he testified that he could not remember making any specific statements to a police officer either in the ambulance or at the hospital, serves as a sufficient basis for this court to disturb the findings of the trial judge and the jury.
The court and the jury were entitled to make a determination of the voluntariness of the appellant's statements based upon the totality of the circumstances relating to the appellant's physical condition at the time he waived his rights and later when he made his confession to the police officer. Demattia v. State, supra; Myrick v. State, Fla.App. 1965, 177 So.2d 845; Dampier v. State, Fla.App. 1965, 180 So.2d 183.
Therefore, for the reasons stated and upon the authorities cited and discussed, the judgment and sentence appealed are affirmed.
Affirmed.