NATHAN, Judge.
Bernard Walker, defendant, was informed against, tried by jury, convicted and sentenced to ten (10) years in the state penitentiary for torturing or unlawfully punishing a child.
For his point on appeal, Walker contends that the trial court erred in summarily denying the motion to suppress his confession without a specific finding of volun-tariness. The record reflects that the trial judge merely stated, “Motion to suppress denied.”
We find McDole v. State, Fla.1973, 283 So.2d 553, to be controlling. In McDole, the Supreme Court first quoted Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967), which held that a trial judge need not make a formal finding of fact or write an opinion with respect to the voluntariness of a confession, but his conclusion that a confession is voluntary must appear from the record with “unmistakable clarity.” Thereupon, the court determined that such “unmistakable clarity” requirement has not been met when the trial judge states merely that the motion to suppress the confession is denied as was done in the case sub judice.
Accordingly, for the purpose of disposing of the issue of the court’s making an unequivocal and specific finding of volun-tariness, on the authority of Graham v. State, Fla.App.1974, 292 So.2d 373, we relinquish jurisdiction and remand the case to the trial judge to consider and then rule explicitly on the voluntariness of the defendant’s confession. Promptly after an order is made on the issue of voluntariness, counsel for the appellant shall file a certified copy of the order in this court. Such further proceedings shall be taken by this court as are appropriate depending upon the order submitted. Accord: Husk v. State, Fla.App.1974, 305 So.2d 19.
It is so ordered.