PER CURIAM.
Bernard Walker was tried by jury, convicted and sentenced to ten years in the state penitentiary for torturing or unlawfully punishing a child.
As his point on appeal, Walker suggests error in the trial court’s denial of his motion to suppress a confession, without making an express finding as to voluntariness. Originally, we relinquished jurisdiction of this cause to the trial court to make an ex *643 press finding as to voluntariness; Walker v. State, Fla.App.1975, 311 So.2d 768; however, the trial judge is no longer on the bench.
We have, therefore, again taken jurisdiction and have examined the entire record which shows that Walker was read his rights, and that he signed a document stating that he was advised of his rights and that he understood them. There was no evidence adduced which amounts to a charge of coercion or coercion. In the absence of any evidence or contention of coercion, when considering the total record on appeal, which clearly indicates that the trial court had, in fact, deter'mined that the confession was voluntary by virtue of his denial of the motion to suppress, the error suggested is without merit and, at most, harmless error. Accord: Bunch v. State, Fla.App.1974, 303 So.2d 705; Wilson v. State, Fla.1974, 304 So.2d 119.
Affirmed.