ENGLAND, ARTHUR J., Jr., Associate Judge.
This case is before us to determine whether the Circuit Court of the Fourteenth Judicial Circuit (Washington County) erred in denying a motion to suppress a confession made by the appellant during a custodial interrogation.
Appellant argues that the interrogating officers failed to apprise him of his right to have counsel present during questioning, that he was incapable of knowingly and voluntarily waiving his right to remain silent, and that the trial judge failed to make a clear finding that his confession was voluntarily given.
We find it unnecessary to resolve the first two issues raised by appellant since it is clear that the trial court erred in failing to make a specific finding of voluntariness as required by the Florida Supreme Court. McDole v. State, 283 So.2d 553 (Fla.1973). As in McDole, there was contradictory direct and medical evidence presented by the police, and by the defendant, as to voluntar-iness, and the trial judge’s ruling consists solely of the words “Motion will be denied.” The state argues, however, that this case is controlled by Trolinger v. State, 300 So.2d 310 (Fla. 2nd DCA 1974), cert. denied, 310 So.2d 740 (Fla.1975), and that in any event the original defect was rectified four days later when, in the course of the trial, the judge announced that it would not be necessary to inquire into the voluntariness of the confession out of the presence of the jury because the confession had been ruled voluntary at the suppression hearing.
Trolinger is not applicable here, In that case, the trial judge made express findings which were found adequate under the McDole standard. In this case the trial judge made no findings of voluntariness whatsoever when he ruled on the admissibility of the confession. As regards the judge’s comment during trial, which did not with particularity indicate why the confession had been given voluntarily, it is obvious that the mere reference to a legally deficient ruling could not undo the original error.
*368 Appellant’s conviction and sentence are reversed, and this case is remanded for a new trial where the voluntariness of appellant’s confession can be properly determined.
McCORD, J., and LEE, THOMAS E., Associate Judge, concur.