PER CURIAM.
Defendant, Roy Phelps, appeals his conviction for manslaughter (as a lesser included offense of second degree murder for which he was informed against).
Defendant first urges as reversible error the denial of his motion for mistrial on the ground that the prosecution had elicited testimony from him that he had been in jail in violation of the stipulation that neither the prosecutor or defense coun *1222 sel would inquire whether the defendant had ever been convicted of a crime.
This contention arises out of the following colloquy between the defendant and the prosecutor:
“Q You did not think he was going to live?
“A I didn’t give that no thought. I just hope the cops to come, and they did.
“Q When they got there you did not let them in?
“A They didn’t ask that question.
I told them I didn’t think I needed to go down to the police station.
“Q That is not the first time for you, it is, Mr. Phelps?
“MR. LINK: Objection.
“THE COURT: Sustained.
“A No, sir. It is not.”
We find the notion that the above colloquy indicated to the jurors that the defendant had previously been convicted of a crime is highly speculative and reversible error cannot be predicated upon mere conjecture. See Sullivan v. State, 303 So.2d 632 (Fla.1974); Hutchins v. State, 334 So.2d 112 (Fla.3d DCA 1976).
Defendant also argues that the judge erred in admitting into evidence initial statements made by the defendant to the officers when they first arrived on the scene in that the judge failed to make a specific finding of voluntariness. We cannot agree.
A review of the record with respect thereto refutes this contention. At the hearing on judgment’s motion to suppress these and other statements, the judge specifically found that at the time defendant made these initial statements he understood what he was saying. There being no suggestion of coercion, we conclude that the judge determined that these statements were voluntary by virtue of his finding above and refusal to suppress them. See Wilson v. State, 304 So.2d 119 (Fla.1974).
We also considered defendant’s remaining points on appeal and find that he has failed to make reversible error appear.
Affirmed.