358 So.2d 48 (1978)
Edgar BULLARD, Appellant,
v.
STATE of Florida, Appellee.
No. 77-621.
District Court of Appeal of Florida, Fourth District.
April 10, 1978.
Rehearing Denied May 23, 1978.
*49 Richard L. Jorandby, Public Defender, and Frank B. Kessler, Chief, Appellate Division, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
This is an appeal from an adjudication of guilt for receiving stolen property. We find one point has merit and reverse.
Upon his arrest as a prime suspect for burglary of a clothing store, the accused was interrogated by police officers and gave a confession which he now claims was "coerced" by promises that he would not be prosecuted. We do not decide here whether the confession was, in fact, coerced. The problem presented, is the method adopted by the trial judge to determine the voluntariness of the confession which methodology was contrary to the requirements laid down by the Supreme Courts of the United States and Florida.
By way of Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967) the United States Supreme Court determined that a jury may not hear a confession, until the trial judge has made a determination that it was voluntarily given, such determination to appear upon the record with unmistakable clarity. Thereafter, the Florida Supreme Court, applying Sims, held it was not enough for the trial judge, after holding a hearing, to determine admissibility, by simply saying: "Motion denied". Instead, the trial judge must make a specific finding of voluntariness. McDole v. State, 283 So.2d 553 (Fla. 1973). It may appear that by the very act of denying the motion, the trial judge must have so found. We agree that such appears logical, but cannot ignore mandates from our superiors.
In the instant case at the close of the hearing on the confession, the trial judge remarked,
"All right, I'll leave it to the jury. Overrule the objection".
As dictated by existing case law, this is not a "specific finding" of voluntariness and as such it was insufficient.
We have entertained some qualms as to whether promises of relief constitute coercion, as such, comparable to the police brutality present in the McDole case. Indeed, in Wilson v. State, 304 So.2d 119 (Fla. 1974) our Supreme Court limited the McDole rule (requiring a specific finding of voluntariness) to those cases in which coercion, as distinct from other forms of involuntariness, is alleged. However, we hold that the alleged confession here was the product of coercion. There can be little valid distinction between:
"Confess, or we'll throw the book at you"
and
"Confess, and we will not prosecute you".
In either event, the confession is extracted as a direct result of promises, which any *50 defendant might well believe the police capable of delivering on.[1]
The State also argues that we are not confronted here with a confession, but, in fact, a denial of guilt. We would point out, however, that his stated denial of guilt was as to the actual burglary only. In the same statement, the defendant freely admitted he "bought" the clothes out of the trunk of another man's car and that that man had confirmed that the clothes were stolen. The charge here involved receiving and concealing stolen property and the statement was therefore, highly inculpatory  in essence a confession.
REVERSED AND REMANDED FOR A NEW TRIAL.
DOWNEY and CROSS, JJ., concur.
NOTES
[1] We are discussing here, actual promises of relief as distinct from offers by the police to do whatever they can.