PER CURIAM.
The question on appeal is whether the judgment and sentence should be reversed and a new trial ordered because the court allowed the introduction into evidence of a confession without first having specifically found it to have been voluntarily and freely given. A hearing was held to determine the voluntariness of the confession and the Appellant testified he was coerced. The court denied his objection to the admission of the confession but the judge did not say he found the confession to have been freely and voluntarily given as is required in McDole v. State, 283 So.2d 553 (Fla.1973); Wilson v. State, 304 So.2d 119 (Fla.1974); Sims v. State of Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967); Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 *11 L.Ed.2d 908 (1964); Land v. State, 293 So.2d 704 (Fla.1974); Danahey v. State, 298 So.2d 444 (Fla. 4 DCA 1974).
REVERSED and REMANDED for new trial, including a hearing and proper order on Appellant’s objection to the introduction of the alleged confession.
CROSS, DOWNEY and DAUKSCH, JJ., concur.