363 So.2d 188 (1978)
Able Franklin GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. II-225.
District Court of Appeal of Florida, First District.
October 16, 1978.
Michael J. Minerva, Public Defender, and Janice G. Scott, Asst. Public Defender, for appellant.
*189 Robert L. Shevin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant appeals a conviction of robbery while carrying a firearm. He contends that the trial court erred in failing to rule with unmistakable clarity that his confession was voluntarily given. Appellee argues that the judge's conclusion of voluntariness appears from the record with unmistakable clarity. We agree with appellee and affirm.
At the pre-trial hearing on the motion to suppress, the appellant claimed the following: an officer had pulled a gun and had threatened to kill him if he didn't confess; the officer promised him that if he confessed, this robbery charge and a prior charge would be dropped; after the arrest, his request to call his mother was denied; he stated to the officer that he did not want to make a statement; and he had received privileges as a result of the confession, but the privileges ceased when, at another defendant's trial, he had failed to give testimony consistent with his confession.
The officer involved testified to the following: no threats were made; no promises to drop charges were made; nor did he recall appellant's request to call his mother. Appellant's confession stated that he had an eleventh grade education and that he understood his Miranda rights.
A colloquy ensued between defense counsel and the trial judge. Counsel argued that an implied threat made a confession involuntary. The trial judge responded:
I don't question that, counselor. You're talking about a one-on-one situation here. He says that he was threatened. He says he didn't make any threats at all to him. Now, if you produce a witness in front of me that says that they were present and that he was threatened by the police, then the threat becomes credible and it becomes one that certainly I could take into consideration, but you're asking me to accept his word over the officer's word, where there is a conflict here and him saying that he was threatened and him saying that he wasn't threatened, that he was explained all of his rights; he was given no threats whatsoever. That's a jury matter, for the jury to weigh and consider his testimony, as well the officer's testimony, as to the sufficiency of that confession.
The trial judge also addressed the issue of the alleged promises by stating:
Promise; what promise was made to him, that he could testify, as the officer said, in the McLaughlin case, that the charges would be dropped against him if he confessed. That runs contrary to all police  he couldn't drop the charges once they were made any way. That would be up to the state attorney's office to do that.
The colloquy ended with the following:
The Court: There never would be a confession or a  or the results of an investigation or lineup if a defendant was able to come into court and say that he did this only because of a promise that was made to him that he wouldn't be tried on the charges made. You couldn't convict any criminal in the United States if that were the law and if he were permitted to do that. You produce before me a witness that says that he made that promise and that  and the confession was induced only upon that basis and I'll dismiss the charge right now. I'll grant him a directed verdict if the only evidence is that confession that's going to sustain a conviction, but I'm not going to do it simply upon his statement that he comes in here and says that this officer promised him if he would give the confession that he would drop the charges. It doesn't make sense to me; is not logical. It doesn't meet with any police criteria that I've ever heard of and for me to accept the credibility of that is a one-on-one situation and say that I believe this man and I disbelieve this officer, and that's  that's a matter for you to argue before the jury as to whether or not the confession was tainted by a promise and should not be regarded by the jury.
Mr. Woolfork: Is that Your Honor's ruling?
The Court: Yes, sir.
The law is clear that a trial judge must make an initial determination of the *190 voluntariness of a confession. A specific finding of voluntariness is required when a defendant alleges that threats or promises have induced his confession. A specific finding of voluntariness cannot be inferred from an unexplained denial of a motion to suppress. McDole v. State, 283 So.2d 553, 554 (Fla. 1973). No specific finding need be made where such coercion is not alleged. Wilson v. State, 304 So.2d 119 (Fla. 1974).
The judge's conclusion that the confession was voluntary appeared from the record with unmistakable clarity as evidenced by the above quoted portions of the record. See Trolinger v. State, 300 So.2d 310 (Fla. 2d D.C.A. 1974). Further, the trial court's finding was amply supported by the evidence. The trial court was not required to credit the uncorroborated testimony of the appellant and discredit the testimony of the officer. Foreman v. State, 213 So.2d 754, 755 (Fla. 1st D.C.A. 1968). Appellant's second contention, that the evidence was insufficient to support his conviction, is without merit. The judgment of the trial court is AFFIRMED.
SMITH, Acting C.J., ERVIN, J., and MITCHELL, HENRY CLAY, Jr., Associate Judge, concur.