372 So.2d 1017 (1979)
Anton Kevin PETERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1750.
District Court of Appeal of Florida, Second District.
July 13, 1979.
Jack O. Johnson, Public Defender, James R. Wulchak, Asst. Public Defender, and Charles L. Stutts, Research Asst., Bartow, for appellant.
*1018 Jim Smith, Atty. Gen., Tallahassee, and C. Marie King, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
Anton Kevin Peterson appeals his conviction and sentence for robbery, contending that the trial court erred in two respects in denying his motion to suppress his confession or admissions: (1) in failing to find his statements involuntary, and (2) in failing to make its ruling on the voluntariness issue with unmistakable clarity, as required by McDole v. State, 283 So.2d 553 (Fla. 1973). Finding no error on either ground, we affirm.
Appellant's motion to suppress, filed prior to trial, was heard when the statement he sought to suppress was proffered at trial. The written motion appears to be a form motion alleging in general terms all conceivable grounds for suppressing a confession or statement; the only issue under serious consideration on proffer, however, was whether the statement appellant gave to the police was voluntary. That this was the sole issue before the court was stated explicitly at least twice by the prosecutor and once by defense counsel during the hearing.
On proffer Officer Robert Boyden of the Fort Myers Police Department testified that while transporting appellant to the police station the night of December 22, 1977, he read the standard Miranda warning and asked whether appellant understood. Appellant did not answer even after Boyden repeated the question, but did request that he be allowed to lie down, as his head hurt and his lip was cut. He asked to have these injuries taken care of and was told that they would be. At the station, appellant acknowledged that he understood his constitutional rights and was frisked. A note was removed from his pocket on which was written "Give me the money or I will kill you."
Shortly after 11:00 that evening, Sergeant John Millican removed appellant to another room and began to question him. Prior to the interrogation appellant verbally acknowledged that he understood his Miranda rights. Millican testified that he had the impression that appellant was afraid and did not wish to incriminate himself. In response to appellant's question as to what a person could expect for talking, Millican urged appellant to cooperate as it could not hurt his position. Appellant initialed the form indicating that he understood his rights, but gave no statement at that time. In response to a request from appellant, Millican said he would talk with an assistant state attorney about appellant's case.
After midnight, appellant was taken to the emergency room of a local hospital in response to his earlier request for medical treatment. En route, appellant asked Officer Taylor, who was driving the vehicle, if Taylor knew anyone he could talk to and get something off his chest. The officer guaranteed that he would find someone for appellant to talk to who would help as much as possible and take care of him.
Millican next saw appellant at 2:45 a.m. when appellant returned from the hospital. Millican had been informed by the transporting officer that appellant wanted to talk, and subsequently greeted appellant by saying, "`I understand you want to talk to us now, Anton.'" Appellant acknowledged that he did because "it would go easier on" him. Millican advised appellant of his rights and informed him that the interview would be taped. Appellant signed a second "waiver of rights" form at 2:57 a.m. He indicated that he was tired and sleepy and felt drugged from the Novacaine given him at the hospital, but said he did not feel "high" or intoxicated. He gave a statement which was essentially in accordance with the testimony given by the state's witnesses at trial. During questioning, the first tape broke and appellant asked whether the questioning could be completed the following day. Millican replied that it would take only a few minutes to prepare another tape. The tape was replaced and the interrogation was completed that night. Upon completion of the questioning, appellant voluntarily accompanied the officers to the crime scene to point out the area where he had thrown a gun into a ditch.
*1019 Before the trial court, counsel for appellant argued first that appellant's initial failure to acknowledge his rights precluded further questioning. Counsel further argued that the totality of the circumstances, particularly in view of appellant's physical condition, rendered the confession involuntary. Finally, counsel urged that direct and implied inducements or promises warranted suppression of the statement. The trial judge denied the motion to suppress, stating his ruling as follows: "The Court having considered the totality of the circumstances and the testimony in the proffer, will deny the motion to suppress the statement."
On this appeal appellant first urges that the totality of the circumstances shows that his confession was involuntarily obtained and that the trial court thus erred in refusing to suppress the testimony concerning it. After a careful review of the record, we conclude that appellant's confession was voluntarily and advisedly made after appellant had been fully advised of his constitutional rights. Ashley v. State, 265 So.2d 685 (Fla. 1972).
Appellant further contends that the trial court erred in admitting the confession without making a specific finding of voluntariness, citing Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967) and McDole v. State, supra.
In Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), the Supreme Court of the United States held that criminal defendants are entitled to a separate hearing on whether a confession is voluntary and admissible. In approving the Massachusetts procedure[1] for such hearings, the Court noted that "the judge's conclusions are clearly evident from the record since he either admits the confession into evidence if it is voluntary or rejects it if involuntary." 378 U.S. at 378-79, 84 S.Ct. at 1782, 12 L.Ed.2d at 917. The Supreme Court went on to find the New York procedure, in which the jury considered the voluntariness of a confession along with the issue of the defendant's guilt without a separate determination of voluntariness having first been made by the trial judge, to be improper.
Later in Sims v. Georgia, supra, the United States Supreme Court considered a Georgia procedure in which, once the state presented a prima facie case that the alleged confession was freely and voluntarily made, the jury could then determine on conflicting evidence whether the confession was voluntary. The court found the procedure lacking because the judge did not determine voluntariness before submitting the confession to the jury:
[I]t is not for the jury to make the primary determination of voluntariness. Although the judge need not make formal findings of fact or write an opinion, his conclusion that the confession is voluntary must appear from the record with unmistakable clarity. Here there has been absolutely no ruling on that issue and it is therefore impossible to know whether the judge thought the confession voluntary... .
385 U.S. at 544, 87 S.Ct. at 643, 17 L.Ed.2d at 598.
In 1970, the Supreme Court reviewed a holding of the Eighth Circuit Court of Appeals, Parker v. Sigler, 413 F.2d 459 (8th Cir.1969) which found a simple overruling of an objection to the admission of a confession to be an inadequate finding of voluntariness. The state standard followed in determining voluntariness had been stated by the supreme court of that state (Nebraska) as follows:
"In laying a foundation in a criminal case for the admission of a confession in evidence, it is sufficient to establish affirmatively all that occurred immediately prior to and at the time of the making of the confession, provided such affirmative *1020 proof shows it to have been freely and voluntarily made and excludes the hypothesis of improper inducements or threats."
.....
It is true that foundational or negative evidence adduced on behalf of the defendant was in conflict with the affirmative evidence, but for the purpose of determining foundation for admissibility under the rule in this jurisdiction only the affirmative evidence requires consideration.
Parker v. State, 164 Neb. 614, 83 N.W.2d 347, 352 (1972). The United States Supreme Court affirmed, agreeing with the Eighth Circuit that the record did not justify a conclusion that the trial judge had made his own determination of voluntariness. Sigler v. Parker, 396 U.S. 482, 90 S.Ct. 667, 24 L.Ed.2d 672 (1970).
The effect of the cases discussed above is not that a simple denial of suppression by the judge is an inadequate finding, but that if such a general denial is made, the record of the proceeding must disclose that the ruling was based on a finding by the judge that the confession was voluntary. Thus the unexplicated denial of a motion to suppress has been found to be an inadequate finding of voluntariness, despite voluntariness being the subject of the motion, when state procedure directed the trial court to submit the issue of voluntariness to the jury without itself making an initial independent determination that the confession was voluntary. This is so because in such a situation the ruling admitting the confession might not include a finding of voluntariness. Stidham v. Swenson, 443 F.2d 1327 (8th Cir.1971), rev. on other grounds, 409 U.S. 224, 93 S.Ct. 359, 34 L.Ed.2d 431 (1972); Reizenstein v. Sigler, 428 F.2d 702 (8th Cir.1970). It has also been held that the record must contain a ruling that shows a judicial determination of voluntariness. Smith v. Texas, 395 F.2d 958 (5th Cir.1968). Nevertheless, where state procedure requires an initial independent finding of voluntariness by the trial judge, as is the case in Florida, there is no reason to find a denial of a motion to suppress inadequate when the record shows clearly that voluntariness was the basis of the ruling. United States v. Garrett, 521 F.2d 444, 447 n. 3 (8th Cir.1975); United States v. Gardner, 516 F.2d 334 (7th Cir.), cert. denied, 423 U.S. 861, 96 S.Ct. 118, 46 L.Ed.2d 89 (1975); Sheer v. United States, 414 F.2d 122 (5th Cir.1969), cert. denied, 396 U.S. 946, 90 S.Ct. 387, 24 L.Ed.2d 249 (1969). The determination that the ruling was based on voluntariness must be ascertainable from the record as a whole. Javor v. United States, 403 F.2d 507 (9th Cir.1968), cert. denied, 404 U.S. 864, 92 S.Ct. 44, 30 L.Ed.2d 107 (1971). But see United States v. Goss, 484 F.2d 434 (6th Cir.1973); Green v. United States, 128 U.S.App. D.C. 408, 389 F.2d 949 (1967); Evans v. United States, 375 F.2d 355 (8th Cir.1967), rev'd on other grounds sub nom. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), cases holding that the trial judge must specifically state in his ruling that the confession is found to be voluntary.
We find further support in decisions of other state courts for the position that the trial judge need not recite a finding of voluntariness if his having made such a finding is apparent from the record. Cork v. State, 50 Ala.App. 670, 282 So.2d 107 (1973); Clay v. State, 122 Ga. App. 677, 178 S.E.2d 331 (1970); People v. Cousins, 65 Mich. App. 709, 238 N.W.2d 378 (1975); Hebb v. State, 31 Md. App. 493, 356 A.2d 583 (1976); Williams v. State, 542 P.2d 554 (Okl. Cr. 1975), overruled on other grounds, Riggs v. Branch, 554 P.2d 823 (Okl.Cr. 1976). But see State v. O'Dell, 108 Ariz. 53, 492 P.2d 1160 (1972); State v. McDonald, 187 Neb. 752, 194 N.W.2d 183 (1972); State v. Utsler, 21 Ohio App.2d 167, 255 N.E.2d 861 (1970); Commonwealth v. Herge, 436 Pa. 542, 260 A.2d 787 (1970); McKittrick v. State, 535 S.W.2d 873 (Tex.Cr.App. 1976), cases holding that a specific recitation that the trial court finds the statement voluntary is necessary to a denial of a motion to suppress a confession.
*1021 In McDole, relied upon by appellant, the trial judge denied the defendants' motion to suppress their confessions with the simple statement, "The motion will be denied." The judge then announced that each side could present evidence on the issue of voluntariness to the jury so that they could give the confession whatever weight they considered appropriate. The Florida Supreme Court in reversing held that the record did not show with unmistakable clarity that the ruling was on voluntariness, and that a specific finding of voluntariness is necessary before a trial judge may allow a confession to be considered by a jury.
However, Jackson v. Denno, supra; Sims v. Georgia, supra, and McDole, supra, do not require that the determination of voluntariness be worded in any specific fashion. This court held in Trolinger v. State, 300 So.2d 310 (Fla.2d DCA 1974), cert. denied, 310 So.2d 740 (Fla. 1975), that as long as it is unmistakably clear from the record that the trial judge's ruling is predicated upon his conclusion that the confession is voluntary, the requirement that the trial judge make the initial determination of voluntariness is met.
Moreover, in the later case of Wilson v. State, 304 So.2d 119 (Fla. 1974), a case similar to McDole, but without allegations of coercion, our supreme court found denial of a motion to suppress to be a sufficiently specific finding of voluntariness, stating at 120-121:
Under the circumstances advanced for review, we can only conclude that the trial judge correctly determined that the confession was "voluntary" by virtue of his denial of appellant's motion to suppress.
Also, a review of the record as a whole in this cause deems it unnecessary to relinquish jurisdiction to the trial court for a specific finding and/or ruling on this issue of voluntariness.
See also Bunch v. State, 303 So.2d 705 (Fla. 1st DCA 1974), cert. denied, 314 So.2d 778 (Fla. 1975); Green v. State, 363 So.2d 188 (Fla. 1st DCA 1978).
In the instant case, the issue before the trial court on the motion to suppress was clearly and explicitly stated at least three times prior to and during the proffer. Furthermore, the trial judge's understanding of his duty to make a separate and independent finding of the voluntariness of the confession is shown by his decision to require the proffer rather than to rely on the determination previously made on the basis of the same facts by another judge in a separate case pending against appellant. Under the circumstances, we believe that the trial court's finding of voluntariness appears on the record with unmistakable clarity and that the mandates of both Sims and McDole have been fully satisfied. We therefore affirm.
We are aware, however, that another panel of this court and two other district courts have apparently interpreted McDole and Wilson to require a specific recitation that the trial court has found the defendant's statement to be voluntary, at least where coercion is alleged (as is the case here). Kimble v. State, 372 So.2d 1017 (Fla.2d DCA 1979); McCloud v. Wainwright, 359 So.2d 10 (Fla. 4th DCA 1978); Melero v. State, 306 So.2d 603 (Fla.3d DCA 1975). We do not so interpret McDole and Wilson, but in view of the apparent conflict the instant opinion creates, we deem it advisable to certify the following question to the Florida Supreme Court as a matter of great public interest:
WHERE THE VOLUNTARINESS OF A DEFENDANT'S STATEMENT HAS BEEN CHALLENGED AND COERCION HAS BEEN ALLEGED, MUST THE TRIAL JUDGE SPECIFICALLY STATE ON THE RECORD THAT HE FINDS THE STATEMENT TO BE VOLUNTARY BEFORE PERMITTING THE CONFESSION TO BE SUBMITTED TO THE JURY?
Accordingly, appellant's judgment and sentence are affirmed and the question certified.
RYDER, J., concurs.
GRIMES, C.J., concurs specially with opinion.
*1022 GRIMES, Chief Judge, specially concurring.
I concur with the decision in this case because I do not believe that the allegations of implied promise relied upon by the appellant to invalidate his confession would constitute coercion even if proved. Therefore, I think the facts of this case fall within the rationale of Wilson rather than McDole.
Furthermore, I concur in certifying to the supreme court the question posed in the majority opinion because I believe that McDole represents an unfortunate interpretation of earlier United States Supreme Court decisions. Judge Boardman has ably explained that where the record reflects that the trial judge has clearly made a separate and independent finding of voluntariness based upon competent and substantial evidence, his decision should not be overturned even where coercion is alleged simply because he did not use the magic words.
NOTES
[1] In jurisdictions following this rule, including Florida, the judge hears the confession evidence, himself resolves evidentiary conflicts and gives his own answer to the coercion issue, rejecting confessions he deems involuntary and admitting only those he believes to be voluntary. Confessions found to be voluntary are heard by the jury, which may find the confession involuntary and ignore it. 378 U.S. at 377, 84 S.Ct. at 1781, 12 L.Ed.2d at 916 n. 8.