DANAHY, Judge.
Kimble appeals his conviction for manslaughter, alleging that the trial court erred in denying his motion to suppress a confession without making a specific finding of voluntariness. We affirm.
The record before us shows the trial judge, based on the totality of the circumstances surrounding the confession, concluded that the confession was voluntary. We find there is sufficient evidence to support that conclusion. The judge’s conclusion that the confession was voluntary must appear in the record with unmistakable clarity. Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967). Appellant correctly says that the mere denial of a motion to suppress is not a sufficiently specific finding of voluntariness, when coercion is alleged, to permit a confession to go to the jury. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); McDole v. State, 283 So.2d 553 (Fla.1973). However, such a denial is sufficiently specific when the defendant does not allege coercion. Wilson v. State, 304 So.2d 119 (Fla.1974); Green v. State, 363 So.2d 188 (Fla. 1st DCA 1978); Bullard v. State, 358 So.2d 48 (Fla. 4th DCA 1978); Hester v. State, 357 So.2d 481 (Fla. 3d DCA 1978). In the case at bar appellant made no allegation of coercion before the trial court. On this record then, the denial of his motion to suppress constituted a sufficiently clear finding of voluntariness to permit the jury to hear the issue.
Appellant argues further that his appointed counsel must be notified of his interrogation, despite appellant’s waiver of counsel’s attendance after full Miranda warnings were given. We find that contention without merit. State v. Brown, 261 So.2d 186 (Fla. 2d DCA 1972).
Affirmed.
GRIMES, C. J., concurs.
BOARDMAN, J., concurs specially.