382 So.2d 701 (1980)
Anton Kevin PETERSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 57479.
Supreme Court of Florida.
April 3, 1980.
Jack O. Johnson, Public Defender, and Charles L. Stutts, Asst. Public Defender, Bartow, for petitioner.
Jim Smith, Atty. Gen., and Michael A. Palecki, Asst. Atty. Gen., Tampa, for respondent.
McDONALD, Justice.
In a well reasoned opinion the Second District Court of Appeal affirmed a judgment of conviction of Anton Kevin Peterson.[1] Determinative of the validity of the conviction was the correctness of the admission into evidence of statements made by the appellant. The Second District Court *702 of Appeal agreed that the statements were properly admitted but, recognizing that there is some conflict in the state, certified the following question:[2]
WHERE THE VOLUNTARINESS OF A DEFENDANT'S STATEMENT HAS BEEN CHALLENGED AND COERCION HAS BEEN ALLEGED, MUST THE TRIAL JUDGE SPECIFICALLY STATE ON THE RECORD THAT HE FINDS THE STATEMENT TO BE VOLUNTARY BEFORE PERMITTING THE CONFESSION TO BE SUBMITTED TO THE JURY?
Judge Boardman correctly answered the proposed question in the negative in his opinion, which this Court hereby adopts.
When the admission of a confession is an issue because of a factual controversy as to its voluntariness, it is the responsibility of the trial judge to first find that it was voluntary before submitting it to the jury.[3] This simply follows the rule that it is the duty of the trial judge to determine the admissibility of all evidence. When the trial judge admits into evidence a statement or confession to which there has been an objection, on review the record must reflect with unmistakable clarity that he found that the statement or confession was, by the preponderance of the evidence, voluntary and made in accordance with Miranda. If an independent review of the record fails to disclose with unmistakable clarity that the trial judge found that the statement was voluntary and in accordance with other constitutional requirements, or if it appears that he imposed upon the state a lesser burden of proof than preponderance of the evidence in weighing the question of voluntariness, it is reversible error.
The trial judge can make this task easier by reciting his conclusionary findings, but the failure to do so is not fatal when the record, with unmistakable clarity, demonstrates that he understood his responsibilities and properly fulfilled them.
The judgment of conviction is affirmed.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.
NOTES
[1] Peterson v. State, 372 So.2d 1017 (Fla.2d DCA 1979).
[2] In certifying its question, the second district noted the probable existence of conflict between its decision and Kimble v. State, 372 So.2d 1014 (Fla.2d DCA 1979); McCloud v. Wainwright, 359 So.2d 10 (Fla.4th DCA 1978), and Melero v. State, 306 So.2d 603 (Fla.3d DCA 1975). We have jurisdiction. Art. V., § 3(b)(3), Fla. Const. The district court has cited only three cases which conflict with its holding. If it had chosen to do so, that court could have listed several more. A survey of cases concerning the voluntariness of confessions demonstrates the confusion generated by McDole v. State, 283 So.2d 553 (Fla. 1973), and Wilson v. State, 304 So.2d 119 (Fla. 1974). See Green v. State, 363 So.2d 188 (Fla.1st DCA 1978); Pitts v. State, 335 So.2d 367 (Fla.1st DCA 1976); Leigh v. State, 312 So.2d 464 (Fla.1st DCA 1975); Husk v. State, 305 So.2d 19 (Fla.1st DCA 1974); Bunch v. State, 303 So.2d 705 (Fla.1st DCA 1974); Trolinger v. State, 300 So.2d 310 (Fla.2d DCA 1974); Hester v. State, 357 So.2d 481 (Fla.3d DCA 1978); Phelps v. State, 353 So.2d 1221 (Fla.3d DCA 1977); Von Horn v. State, 334 So.2d 43 (Fla.3d DCA 1976); Walker v. State, 319 So.2d 642 (Fla.3d DCA 1975); Walker v. State, 311 So.2d 768 (Fla.3d DCA 1975); Graham v. State, 292 So.2d 373 (Fla.3d DCA 1974); Smith v. State, 288 So.2d 522 (Fla.3d DCA 1974); Knight v. State, 373 So.2d 52 (Fla.4th DCA 1979); Bullard v. State, 358 So.2d 48 (Fla.4th DCA 1978); Greene v. State, 351 So.2d 1031 (Fla. 4th DCA 1976).
[3] Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967).