396 So.2d 1160 (1981)
Raul Elias DAIZI, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-1917.
District Court of Appeal of Florida, Third District.
April 7, 1981.
Rehearing Denied May 8, 1981.
Carhart & McGuirk and James McGuirk, Miami, for appellant.
Jim Smith, Atty. Gen., and James H. Greason, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and SCHWARTZ and BASKIN, JJ.
PER CURIAM.
The final judgment of conviction and sentences under review by this appeal are affirmed upon a holding that: (a) it appears with unmistakable clarity that the trial court understood its responsibility to determine the voluntariness of the defendant's confession and properly discharged such responsibility at the conclusion of the hearing on the motion to suppress herein by stating that it accepted the testimony of the interrogating police officer herein [which established the voluntariness of said confession] and that it was denying the motion to suppress, as it appears that a specific trial court finding of voluntariness under these circumstances is not fatal to the admission of said confession and evidence, Peterson v. State, 382 So.2d 701 (Fla. *1161 1980), affirming, 372 So.2d 1017 (Fla. 2d DCA 1979); (b) the defendant did not preserve for appellate review the point on the admissibility of officer Roberson's testimony relating to the complainant's two out-of-court statements as no objection was made below on the ground now urged on appeal, to wit: hearsay, and in any event, the belated hearsay objection has no merit as the contents of the two out-of-court statements were never admitted in evidence, see e.g., Castor v. State, 365 So.2d 701, 703 (Fla. 1978); Black v. State, 367 So.2d 656 (Fla. 3d DCA), cert. denied, 378 So.2d 342 (Fla. 1979); compare Van Gallon v. State, 50 So.2d 882 (Fla. 1951); (c) the consecutive sentences imposed in this cause are entirely lawful although we interpret those sentences to mean that the defendant will be eligible for parole after he has served a total of three years of the aggregate of the two sentences imposed herein; see e.g., §§ 775.087(2)(b), 947.16(1), Fla. Stat. (1979); see also Brown v. United States, 256 F.2d 151 (5th Cir.1958); 18 U.S.C.A. § 4205 (Supp. 1980); and (d) the remaining points on appeal have no merit.
Affirmed.