PER CURIAM.
Lancey Williams was found guilty of murder in the second degree and sentenced to seventy-five years in prison.
Appealing from that conviction and sentence, Williams asserts that nine prejudicial errors committed by the trial court deprived him of a fair trial. Upon consideration of each of the nine points raised by appellant and after review of the record we determine that none of appellant’s arguments is sufficiently meritorious to warrant, a new trial. However, Williams’ contention that the trial court erred in failing to make a specific finding as to the voluntariness of his confession does merit our discussion.
The standard of review to determine whether a trial .court has properly discharged its duty to determine that a confession was given freely and voluntarily is set out in the opinion of Justice McDonald in Peterson v. State, 382 So.2d 701, 702 (Fla.1980):
When the admission of a confession is an issue because of a factual controversy as to its voluntariness, it is the responsibility of the trial judge to first find that it was voluntary before submitting it to the jury. This simply follows the rule that it is the duty of the trial judge to determine the admissibility of all evidence. When the trial judge admits into evidence a statement or confession to which there has been an objection, on review the record must reflect with unmistakable clarity that he found that the statement or confession was, by the preponderance of the evidence, voluntary and made in accordance with Miranda. If an independent review of the record fails to disclose with unmistakable clarity that the trial judge found that the statement was voluntary and in accordance with other constitutional requirements, or if it appears that he imposed upon the state a lesser burden of proof than preponderance of the evidence in weighing the question of voluntariness, it is reversible error.
The trial judge can make this task easier by reciting his conclusionary findings, but the failure to do so is not fatal when the record, with unmistakable clarity, demonstrates that he understood his responsibilities and properly fulfilled them.
The appellant takes the position that the trial court was required to specifically state on the record or in a written order that he found appellant’s confession was “voluntary.” In essence appellant claims that the actual word “voluntary” must be used by the trial judge before the confession may be admitted in evidence. However, the Florida Supreme Court has rejected this “magic word” argument:
[D]ue process is not offended when the issue of voluntariness is specifically before the judge and he determines that the statements are admissible without using the magic word “voluntary.”
Antone v. State, 382 So. 1205, 1213 (Fla.1980).
In our view the record in this case does reflect, with unmistakable clarity, that the trial court determined that appellant’s confession was voluntary prior to admitting the statements into evidence. In fact, at trial, appellant’s counsel acknowledged that the trial court had already considered and rejected the objections raised in the motion to suppress that the statements were not given voluntarily. The only problem that *1046 has caused confusion on this issue is the lack of a written order in the record denying appellant’s motion to suppress the confession.
This oversight having been brought to our attention at an earlier stage of these proceedings, we relinquished jurisdiction to the trial court for the purpose of establishing whether an order had been issued previously.
Although no written order was ever located, the trial judge’s secretary filed an affidavit stating that an order denying the motion to suppress and reflecting the reasons therefor had been signed by the judge and filed by her with the clerk although the clerk had no record of such an order. A three-day hearing on appellant’s motion to suppress, involving extensive evidence and lengthy arguments by counsel as to the voluntariness and admissibility of the statements concluded on April 27, 1977, and the trial judge, although not recalling whether his ruling was conveyed to counsel orally or in writing, did recall ruling on the motion and finding that the confession was given voluntarily. The trial judge thereupon, in an attempt to reconstruct what had taken place previously, entered a written order nunc pro tunc to April 29, 1977, the date before trial that he found he had ruled on the issue, finding that appellant’s statements had been given voluntarily.
We point out that the claim that the trial court had not ruled on the voluntariness issue was raised for the first time by a motion filed on February 22, 1979, almost two years after appellant’s trial. We hold that this belated attempt to take advantage of the absence of a written order does not succeed, particularly in view of the record which clearly indicates that the trial court fulfilled its duty and found that appellant’s statements were voluntary before admitting them into evidence. We therefore affirm appellant’s conviction and sentence.
AFFIRMED.
LETTS, C. J., and ANSTEAD and HERSEY, JJ., concur.